MARRERO, PETITIONER AND APPELLANT, *v.* BRYAN, MUNICIPAL JUDGE, RESPONDENT AND APPELLEE.

APPEAL from the District Court of Mayagüez in Certiorari Proceedings.

No. 1821.—Decided June 21, 1918.

CERTIORARI—WRIT OF RIGHT—DISCRETION OF COURT.—When a writ of certiorari is invoked to review the proceedings of a lower court it is not a writ of right, but should be issued only when a special cause therefor is shown to the court, and the court is vested with discretion to grant or deny it according to the merits of the petition in each case.

ID.—CONTEMPT—PLEADING.—The appellant in the present case was not injured by the order denying his petition for a writ of certiorari, for at the hearing on the rule to show cause why he should not be adjudged in contempt the defendant can make the same defense which he set up in the petition and any other that he may deem proper in support of the alleged nullity of the proceedings.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Mr. José Sabater* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On January 9, 1918, Lorenzo Carreras petitioned the Municipal Court of Mayagüez that in accordance with the Agricultural Loan Act of March 10, 1904, an order be entered requiring the marshal of the said court to demand of Saturnino Marrero the payment of a loan of $400 contracted by him in an instrument signed before the judge of the said court on February 23, 1916, and to become due on December 30, 1917, together with the cost of the proceeding, or for the delivery by him of forty quintals of coffee pledged as security, to be sold as provided for by the said act, and that in default thereof he be ruled to appear before the said court and show cause why he should not be adjudged in contempt.

Lorenzo Carreras alleges in the petition that the · loan certificate bears No. 86 of the court's stub-book for the registry of agricultural loans and was exhibited with the complaint which the petitioner filed against the defendant in Civil Case No. 2684 for the recovery of the loan and to secure an attachment of the property of the defendant.

The Municipal Court of Mayagüez granted the petition and ordered that a writ issue to the marshal for the payment by the defendant of the amount claimed, or the delivery of the products pledged as security, and Marrero having answered that he had neither the money nor the coffee so pledged, Carreras moved the municipal court to set a day and hour for the defendant to appear and show cause why he should not be punished for contempt in accordance with the Agricultural Loan Act. The court set January 31, 1918, for that purpose and on that day defendant Marrero moved that all the proceedings had in this case be quashed because it did not appear from the petition that the plaintiff had advanced to defendant any sum as a loan, and because the loan certificate referred to was not exhibited with the peti-

tion, these being indispensable requisites to the validity of the proceeding.

After hearing the parties the municipal court overruled the motion to quash and ordered that the defendant appear before it on February 9, 1918, to show cause why he should not be punished for contempt.

At this stage of the proceeding Saturnino Marrero petitioned the District Court of Mayagüez for a writ of certiorari, which was issued on February 7, commanding the judge of the municipal court to send up the original record for review upon the legality of the proceeding.

The hearing on the petition for the writ of certiorari was held on February 15, and after considering the oral argument of the parties and the original record sent up, the district court denied the petition on February 15, and from that decision Marrero took the present appeal to this court.

The appeal is based principally on the allegations that the District Court of Mayagüez could not take judicial notice of the record in which, as alleged by Lorenzo Carreras, the loan certificate was exhibited, and that the said certificate should necessarily be exhibited with the original petition filed in the proceeding, according to the mandatory provision of section 6 of the Agricultural Loan Act of March 10, 1904.

We consider it unnecessary to review the grounds of the appeal, for whatever may be their legal value we are of the opinion that we should not disturb the decision appealed from. When the writ of certiorari is invoked to correct the proceedings of an inferior court it is not a writ of right, but should be issued only when a special reason therefor is shown to the court, and the court is vested with judicial discretion to grant or deny the writ as justice may require in each case. *Espada* v. *Sepúlveda, District Judge,* 20 P. R. R. 125; *Hernández* v. *Hutchison, District Judge,* 20 P. R. R. 484.

We fail to see that the appellant has been prejudiced in

any way by the decision denying the petition for a writ of certiorari, for the defendant can set up the same grounds of defense which he has pleaded, together with any others as he may be advised, to prove the invalidity of the proceeding when he answers the rule to show cause why he should not be punished for contempt.

The order appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.